OPINION
Defendant-appellant William Hopkins appeals the August 3, 1999 Judgment Entry of the Stark County Court of Common Pleas which found appellant guilty of possession of cocaine, and sentenced appellant for that crime. The judgment entry also sentenced appellant to an additional term of twenty-four months for appellant's violation of a previously imposed post-release control sanction. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
On July 31, 1997, the Stark County Grand Jury indicted appellant on one count of burglary, in violation of R.C. 2911.12; one count of resisting arrest, in violation of R.C. 2921.33; and two counts of assault, in violation of R.C. 2903.13. On August 25, 1997, appellant pled guilty to the indictment. In a September 4, 1997 Judgment Entry, the trial court found appellant guilty of each charge and sentenced him to serve twelve months in prison on each count. The trial court ordered the sentences be served concurrently. The September 4, 1997 Judgment Entry also contained the following language: The Court has further notified the defendant that post-release control is optional in this case up to a maximum of three years, as well as consequences for violating conditions of post-release control imposed by the parole board under R.C. 2967.28. The defendant is ordered to serve as part of this sentence any term of post-release control imposed by the parole board, and any prison term for violation of that post-release control.
Judgment Entry at 3-4. Appellant completed his full twelve month sentence. At the conclusion of the sentence, the Parole Board placed appellant on three years of post-release control.
On July 2, 1999, the Stark County Grand Jury indicted appellant with one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the second degree, and one count of possession of cocaine in violation of R.C. 2925.11(A), a felony of the fifth degree. At his July 9, 1999 arraignment, appellant pled not guilty to the charges. On July 26, 1999, the adult parole authority (hereinafter "APA") filed a Motion to Impose a Prison Term for the Time Remaining on Post-Release Control. The motion alleged appellant violated the terms and conditions of his post-release control period by absconding from supervision as of April 1, 1999, and then being arrested and indicted on a new felony offense on June 23, 1999. The motion alleged appellant had a balance of 814 days of post-release control supervision remaining, and requested the trial court impose that remaining time as a prison term, consecutive to any sentence imposed for the new felony offense. On July 28, 1999, appellant withdrew his previous plea of not guilty and entered a plea of guilty to one count of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(a), felony of the fifth degree. In an August 3, 1999 Judgment Entry, the trial court found appellant guilty of one count of possession of cocaine and sentenced appellant to a definite term of six months for that offense. The trial court also imposed an additional term of twenty four months, the time remaining on post-release control, for appellant's violation of his previously imposed post-release control sanctions. This term was to be served consecutive to the six months sentence. It is from this judgment entry appellant prosecutes this appeal, assigning the following as error:
 I. THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING MR. HOPKINS TO A 24-MONTH TERM OF IMPRISONMENT FOR VIOLATING THE TERMS OF HIS POST-RELEASE CONTROL, BECAUSE R.C. 2967.28, WHICH GIVES THE ADULT PAROLE AUTHORITY THE ABILITY TO PLACE OFFENDERS ON POST-RELEASE CONTROL, IS UNCONSTITUTIONAL ON ITS FACE AND AS APPLIED TO MR. HOPKINS. (1999CRO752 T.P. 10-11; 1999CRO752 JUDGMENT ENTRY).
 II. THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING MR. HOPKINS TO A 24-MONTH PRISON TERM IN VIOLATION OF MR. HOPKINS' FEDERAL AND STATE CONSTITUTIONAL RIGHTS TO THE PROTECTIONS AGAINST DOUBLE JEOPARDY AND DUE PROCESS OF LAW. FIFTH AND FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION. (1999CR0752 T.P. 10-11; 1,999CRO752 JUDGMENT ENTRY).
 III. MR. HOPKINS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 I
In his first assignment of error, appellant maintains the trial court committed error in sentencing him to a twenty-four month term of imprisonment for a violation of the terms of his post-release control. Appellant maintains R.C. 2967.28, the post-release control statute, is unconstitutional on its face and as applied to him. For the reasons set forth below, we find R.C. 2967.28 is constitutional on its face, but unconstitutional as applied to appellant. Appellant's first assignment of error makes four separate constitutional arguments, each of which argues the statute is unconstitutional. Appellant asserts R.C. 2967.28 is unconstitutional because it 1) violates the separation of powers doctrine; 2) violates procedural and substantive due process; 3) violates double jeopardy protections; and 4) is void for vagueness. We address each in turn. Separation of Powers, Procedural and Substantive Due Process The arguments within appellant's first assignment of error asserting violations of the separation of powers doctrine and due process are overruled on the authority of Woods v. Telb (2000), 89 Ohio St.3d 504, syllabus, par. 1. In Woods, the Supreme Court held R.C. 2967.28 does not violate the Due Process clauses of the United States or Ohio Constitutions. Id. While the Supreme Court only analyzed a procedural due process argument, the syllabus holding made a general pronouncement the statute is not violative of the Due Process Clauses of the Ohio or United States Constitutions. In an extremely well-reasoned opinion, the Eighth District Court of Appeals found R.C. 2967.28 violates due process under both the Ohio and United States Constitutions. State v. Jones (Sept. 2, 1999), Cuyahoga App. No. 74247, unreported. The appellate court in Jones found substantive fundamental due process was violated along with the defendant's fundamental due process right to a hearing, to present evidence, and to confront and cross examine witnesses. Id. 3-4. However, the Supreme Court overturned this opinion on the authority of Woods, supra. State v. Jones (2000), 89 Ohio St.3d 519. We note appellant herein presents procedural and substantive due process arguments different from the arguments advanced in either Woods or Jones. However, in light of the Supreme Court's decision in Jones, we find appellant's argument R.C. 2967.28 is unconstitutional as a violation of both procedural and substantive due process must be overruled based upon the broad syllabus holding in Woods, supra. Double Jeopardy In Woods, the defendant plead guilty to theft, a felony of the fifth degree. As in the case sub judice, the defendant in Woods was notified at the time of sentencing of the possibility of post-release control sanctions. After serving his complete ten-month prison sentence, the APA placed him on three years of post-release control. The defendant violated the post-release control period on more than one occasion. After numerous violation hearings, the defendant was sentenced to thirty days in the county jail and continued control and supervision by the APA. After giving a history and overview of sentencing structures pre-and post-Senate Bill 2, the Ohio Supreme Court determined R.C. 2967.28 was not violative of either the separation of powers doctrine or the due process clause of the United States and Ohio Constitutions. Woods, at syllabus para. 1. In making this determination, the Supreme Court reasoned: We are mindful that we have recently held that Ohio's bad-time statute, R.C.2967.11, violates the separation of powers doctrine. However, the post-release control statute is clearly distinguishable.
* * *
The court of appeals below acknowledged the similarities between parole and post-release control, but found that a significant distinction between parole and post-release control is that post-release control begins only after the offender has completed the prison term he was sentenced to in the trial court. We find this conclusion to be incorrect because, in contrast to the bad-time statute, post-release control is part of the original judicially imposed sentence. Further, the powers delegated to the executive branch (APA) are no more than were granted under the prior system of parole. * * * The post-release control sanctions are sanctions aimed at behavior modification in the attempt to reintegrate the offender safely into the community, not mere punishment for an additional crime, as in bad time.
* * * Under the current system of post-release control, the judge sentences the offender from the options available under the new sentencing scheme and informs the offender that he or she may be subject to a definite period of post-release control, which may last for up to three years in the case of discretionary-post-release control, [FN4] and that a violation of those conditions would result in additional time up to fifty percent of the original sentence. Those terms are part of the actual sentence, unlike bad time, where a crime committed while incarcerated resulted in an additional sentence not imposed by the court. In other words, the court imposes the full sentence and the APA determines whether violations merited its imposition. * * *
Id. at 512. (Emphasis added).
This language leads us to conclude the Supreme Court would find no violation of double jeopardy in the instant matter. Even though we recognize the above quoted language is dicta, we feel it to be a clear indication of the Court's position. Therefore, we find R.C. 2967.28 is not, on its face, unconstitutional as a violation of double jeopardy. Void — for — Vagueness Finally, appellant maintains R.C.2967.28 is unconstitutional because it is void-for-vagueness. Specifically, appellant maintains the statute fails to provide fair warning to ordinary citizens allowing compliance with the dictates of the statute; fails to preclude arbitrary, capricious, and discriminatory enforcement by officials; and finally, because it fails to insure the fundamentally constitutionally protected freedoms are not unreasonably impinged or inhibited. Because appellant herein had committed fourth and fifth degree felonies, the APA had discretion whether or not to place appellant on post-release control. Again, we find the language contained in Woods is controlling on this issue. The doctrine of void-for-vagueness is premised on the Fourteenth Amendment Due Process requirement a "law give fair notice of offending conduct." Cincinnati v. Thompson (1994),96 Ohio App.3d 7, 24. A statute is void-for-vagueness if it "fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute." Papachristou v. Jacksonville (1972), 405 U.S. 156, 162, quoting United States v. Harris (1954),347 U.S. 612, 627. "A law will survive a void-for-vagueness challenge if it is written so that a person of common intelligence is able to ascertain what conduct is prohibited and if the law provides sufficient standards to prevent arbitrary and discriminatory enforcement." Chicago v. Morales (1999), 527 U.S. 41, 56-57. To the extent appellant asserts R.C. 2967.28 is void-for-vagueness because it fails to provide a person of ordinary intelligence a standard by which to determine what conduct is prohibited; i.e., fair notice, we find such argument unpersuasive based upon by the syllabus in Woods, supra, which finds the statute does not violate the Due Process clauses of the Ohio or the United States Constitutions. However, the void-for-vagueness doctrine has also been applied to other constitutional provisions, particularly theFirst Amendment. The void-for-vagueness doctrine was used in the seminal case Papachristou, supra, not only as it related to the lack of notice given to a potential offender, but also "on the effect of the unfettered discretion it places in the hands of the * * * police." Papachristou at 405, U.S. 168. The Ohio Supreme Court recently addressed the void-for-vagueness doctrine in State v. Williams (2000) 88 Ohio St.3d 513, wherein the Court held R.C. Chapter 2950, the sexual offender classification statute, was not void-for-vagueness. The Supreme Court noted R.C. Chapter 2950 does not prohibit any conduct, and reasoned: Its provisions merely establish remedial registration and notification requirements for those sex offenders adjudicated to be a habitual sex offender or a sexual predator. As noted by this court, remedial measurers require less specificity to satisfy a void for vagueness than do criminal statutes. Salem v. Ohio Liquor Control Comm. (1973), 34 Ohio St.2d 244,246. Second, R.C. 2950, on its face, does set forth sufficient specific guidelines to prevent arbitrary and discriminatory enforcement.
* * *
R.C. 2950 is far different, for example, than the statute declared void in Morales. In Morales, the United States Supreme Court declared an ordinance that gave police discretion to disperse groups of people if they are in a place without apparent purpose, without defining what is an "apparent purpose," to be unconstitutionally vague. Here, R.C. 2950 provides factors to help define when an offender is "likely to engage in the future in one or more sexually oriented offenses," and is more specific than the Morales ordinance.
State v. Williams 88, Ohio St.3d 513, 533-534, citations omitted.
Appellant argues R.C. 2967.28 is unconstitutionally vague because it fails to provide adequate notice of prohibited conduct which would result in the imposition of post-release control. We find R.C. 2967.28 is not facially void-for-vagueness. Like the sexual offender classification scheme, R.C. 2967.28 does not prohibit any specific conduct. Rather, "post-release control helps ease the transition from prison to the community by continuing a relationship with the APA in an attempt to encourage the releasee to make positive life style decisions." Woods,89 Ohio St.3d 504, 516. Further, as noted in Woods, supra, R.C. 2967.28(D) sets forth factors the APA must consider in determining whether to impose a period of post-release control on those offenders within its discretionary control. Id. at 509. "In making a decision whether to impose a period of post-release control, the APA considers such things as the offender's criminal history, all juvenile court adjudications finding the offender, while a juvenile, to be a delinquent child, and the record of the offender's conduct while in prison." Id; R.C. 2967.28(D). Therefore, to the extent appellant maintains R.C. 2967.28 is void-for-vagueness because it fails to preclude arbitrary, capricious and generally discriminatory enforcement by officials or that constitutionally protected freedoms are unreasonably impinged or inhibited, we disagree. R.C. 2967.28 not is unconstitutional as applied to appellant. Finally, appellant maintains R.C. 2967.28 is unconstitutional as applied to him. We disagree. R.C. 2967.28(F)(4) governs the imposition of a jail term by a trial court for a violation of a post-release control sanction. This subsection states, in relevant part: A * * * releasee who has violated any * * * post-release control sanction, * * * that are imposed upon the releasee by committing a felony may be prosecuted for the new felony, and, upon conviction, the court shall impose sentence for the new felony. In addition to the sentence imposed for the new felony, the court may impose a prison term for the violation, and the term imposed for the violation shall be reduced by any prison term that is administratively imposed by the parole board or adult parole authority as a post-release control sanction. If the person is a releasee, the maximum prison term for the violation shall be either the maximum period of post-release control for the earlier felony under division (B) or (C) of this section minus any time the releasee has spent under post-release control for the earlier felony or twelve months, whichever is greater. A prison term imposed for the violation shall be served consecutively to any prison term imposed for the new felony. If the person is a releasee, a prison term imposed for the violation, and a prison term imposed for the new felony, shall not count as, or be credited toward, the remaining period of post-release control imposed for the earlier felony.
Because the trial court complied with the conditions set forth in this subsection, and in light of our previous discussion of the constitutionality of R.C. 2967.28, we find the statute is not unconstitutional as applied to appellant. Appellant's first assignment of error is overruled.
 II
In appellant's second assignment of error, he maintains the trial court committed plain error in sentencing him pursuant to an unconstitutional statute. In light of our disposition of appellant's first assignment of error, appellant's second assignment of error is overruled.
 III
In appellant's third assignment of error, he maintains he received ineffective assistance of counsel. Specifically, appellant argues his trial counsel was ineffective by failing to investigate all relevant defenses and by advising appellant to enter into a plea agreement whereby he would admit to a violation of a post-release control sanction and agree to a sentence in violative of the federal and state constitutions. We disagree. The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373; State v. Combs, supra. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id. In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. Appellant's first argument his trial counsel had a duty to investigate all possible defenses to the charges, fails to set forth any record evidence of any such potential defenses, or how said defenses might have impacted the outcome. Accordingly, appellant's claim of ineffective assistance must fail under the second prong of Strickland, supra. We find appellant's claim his counsel should have pursued the unconstitutionality of R.C. 2967.28 and, advised appellant not to accept that portion of the plea agreement pertaining to alleged post-release control violations, is meritless in light of our disposition of appellant's first assignment of error. Appellant's third assignment of error is overruled.
The August 3, 1999 Judgment Entry of the Stark County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Reader, V. J. concur